UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JEREMY C. NUNZ, | ) |
| Plaintiff, | ) ) ) |
| | ) 3:24-CV-00288-DCLC-JEM |
| v. | ) ) |
| NAVY FEDERAL CREDIT UNION, | ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

In this action, Plaintiff alleged in his initial Complaint a violation of the Truth in Lending Act and several related state-law claims. He invoked federal question jurisdiction solely under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* At summary judgment, he abandoned this claim, the only claim that gave this Court jurisdiction initially over his case. All that remains of his case are the state-law claims over which the Court has been exercising supplemental jurisdiction. The Court declines to continue to exercise supplemental jurisdiction over these remaining state-law claims. The motion for summary judgment is granted on the Truth in Lending Act claim, and the rest are dismissed without prejudice.

**I.    BACKGROUND**

The claims here arise out of a dispute over a loan on a trailer. Defendant Navy Federal Credit Union ("NFCU") is a federally chartered credit union headquartered in Vienna, Virginia.[1] [Doc. 1, ¶ 3]. Plaintiff Jeremy Nunz is a resident of Tennessee and a customer of NFCU. [*Id.* ¶¶ 2, 8]. Nunz took a loan from NFCU to buy a trailer. [*Id.* ¶ 8]. The loan was secured against the

---

[1] The Complaint erroneously places the headquarters in "Viennes" Virginia. [Doc. 1, ¶ 3].

1

trailer, and the loan agreement required Nunz to record a title listing NFCU as the primary lienholder. [Doc. 1, ¶¶ 8–10]. If Nunz failed to properly record the title, the loan agreement provided that NFCU could convert the loan's APR from the one the parties agreed upon to NFCU's prevailing rate for unsecured loans. [*Id.* ¶ 10].

This is where the dispute arose. Nunz says that there was a "revolving and recurring" back and forth over the proper recording of the title. [*Id.* ¶ 12]. Because the Court does not address the merits of the claims, the details are not relevant. In any event, NFCU raised the rate on the loan and deducted from Nunz's bank account a higher amount than what Nunz claims is permissible. [*Id.* ¶¶ 15, 22]. Nunz sued.

The Complaint contained four claims: (1) violation of the Truth in Lending Act, in violation of 15 U.S.C. § 1601, *et seq.*; (2) unjust enrichment; (3) conversion; and (4) breach of contract. [*Id.* ¶¶ 24–52]. Nunz invoked federal question jurisdiction under 28 U.S.C. § 1331 on the Truth in Lending Act claim and supplemental jurisdiction under 28 U.S.C. § 1367 on the others. [*Id.* ¶¶ 5–6]. The Complaint made no claim to diversity jurisdiction, and did not state a total amount in controversy.

NFCU moved for summary judgment on all counts. [Doc. 21]. Nunz responded [Doc. 37] and NFCU replied. [Doc. 40]. The details of the briefing are not relevant with one exception. In his response, Nunz "concede[d] he cannot recover on his claim for Truth in Lending Act violations and thus abandon[ed] his claim under Count I . . . ." [Doc. 37, pg. 11]. He also abandoned his unjust enrichment claim. [*Id.* pg. 6]. All that remain are Nunz's state-law claims for conversion and breach of contract.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. "They possess only that power authorized

2

Case 3:24-cv-00288-DCLC-JEM    Document 42    Filed 06/06/25    Page 2 of 7    PageID #: 262

by Constitution and statute." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (quotations and citations omitted). So "[b]efore a federal court takes up a case's merits, it must assure itself of its jurisdiction over the case's subject matter."[2] *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). Subject matter jurisdiction is "the court['s] statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (emphasis in original).

Federal courts have two kinds of subject matter jurisdiction in civil cases. First, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Second, the Court has jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332. The former is called federal question jurisdiction, the latter diversity jurisdiction.

Courts may raise subject matter jurisdiction at any time *sua sponte* "because a federal court lacks authority to hear a case without subject matter jurisdiction." *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 268 (6th Cir. 2007). And "[i]t is presumed that a cause lies outside" the Court's limited jurisdiction. *Kokkonen*, 511 U.S. at 377. "As always, the party invoking federal jurisdiction has the burden to prove that jurisdiction." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).

### III. ANALYSIS

The issue is whether the Court has jurisdiction over Nunz's remaining state-law claims after he abandoned his sole federal cause of action.

### A. FEDERAL QUESTION JURISDICTION

"A claim arises under federal law . . . when the cause of action is (1) created by a federal

---

[2] The Court must also have personal jurisdiction over the parties, but that is not an issue here.

statute or (2) presents a substantial question of federal law." *Miller*, 949 F.3d at 991. Once there is "some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Campanella v. Com. Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998); *see also* 28 U.S.C. § 1367(a).

Nunz's one and only claim to the Court's subject matter jurisdiction was that the case arose under federal law—the Truth in Lending Act. [Doc. 1, ¶ 5]. And with that claim raising a federal question, the Court can exercise supplemental jurisdiction over his other state-law claims, as long as they relate to his Truth in Lending Act claim. *See Campanella*, 137 F.3d at 892.

But when a plaintiff abandons a claim, "district courts in this Circuit grant summary judgment as a matter of course." *Alexander v. Carter for Byrd*, 733 F. App'x 256, 261 (6th Cir. 2018). "[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013).

Nunz abandoned his Truth in Lending Act claim in his response to the motion for summary judgment. First, he stated as much explicitly. [Doc. 37, pg. 11 "Plaintiff concedes he cannot recover on his claim for Truth in Lending Act violations and thus abandons his claim . . . ."]. Second, he failed to substantively respond—he made no argument against the motion. So the Court should grant the motion for summary judgment on the Truth in Lending Act claim.[3] But what then becomes of his state-law claims?

---

[3] The same analysis would apply to Nunz's unjust enrichment claim, which he abandoned in the same fashion. But, as explained below, the Court declines to exercise supplemental jurisdiction over the state-law claims. The Court must assure itself of its jurisdiction *before* reaching the merits. *Miller*, 949 F.3d at 990 (emphasis added). As explained below, Nunz abandoned the Truth in Lending Act claim, and the Court declines to exercise supplemental jurisdiction over the remaining claims. Granting summary judgment on the unjust enrichment claim would approach a decision on the merits, so the Court will dismiss without prejudice the unjust enrichment claim alongside the other state-law claims.

4

"[S]upplemental jurisdiction does not disappear when the federal claim that gave rise to original jurisdiction in the first place is dismissed." *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). "Following such a dismissal, the district court in its discretion may properly choose whether to exercise [28 U.S.C.] § 1367(a) jurisdiction over the state-law claims . . . ." *Id.* The decision is "purely discretionary," but the Court does not fly blind. *Id.* When a district court dismisses all the claims over which it had original jurisdiction before trial, "the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009). That rule is not absolute; the inquiry depends on "judicial economy, convenience, fairness, and comity." *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002).

Having dismissed Nunz's federal claim, the presumption is that the state-law claims should be dismissed as well. The circumstances here do not overcome that presumption. True, any time a plaintiff is required to relitigate a case there is some waste of time and resources. But there is no reason to believe that the burden is unique here. And comity counsels against federal courts needlessly deciding issues of state law. So the Court declines to exercise supplemental jurisdiction over the remaining state-law claims.

**B.      DIVERSITY JURISDICTION**

Having dispensed with federal question jurisdiction, the only issue remaining is whether the Court can exercise diversity jurisdiction. This presents an uncommon question: Can the Court exercise a form of jurisdiction that the plaintiff did not invoke and that the parties did not address?

The Court is unaware of any Sixth Circuit case to answer that question.[4] But an answer is not necessary to decide this case, so the Court will leave it for another day. "If it is not necessary

---

[4] The Sixth Circuit has answered a similar question for appellate courts. *See City of Detroit Pension Fund v. Prudential Sec. Inc.*, 91 F.3d 26, 29–30 (6th Cir. 1996) ("[T]he question becomes whether this court can uphold the district court's exercise of jurisdiction on a basis other than that recognized by the district court. Where there is a

5

to decide more to dispose of a case, then it is necessary *not* to decide more." *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 348 (2022) (Roberts, C.J., concurring in judgment) (emphasis in original). And assuming, without deciding, that the Court could exercise an unpleaded basis of jurisdiction, Nunz's allegations cannot demonstrate its existence here.

28 U.S.C. § 1332 requires two things for the Court to exercise diversity jurisdiction. First, the parties must be completely diverse. 28 U.S.C. § 1332(a). Second, the amount in controversy must exceed $75,000. *Id.* "Failure to adequately plead the amount in controversy requirement may be cured by the presence of clear allegations that the case involved a sum well in excess of the $75,000 minimum." *Hayes v. Equitable Energy Res. Co.*, 266 F3d 560, 573 (6th Cir. 2001).

It appears from the face of the Complaint that the parties are diverse.[5] [*Id.* ¶¶ 2, 3]. But the same is not true for the amount in controversy requirement. The only remaining claims are for conversion and breach of contract. For those claims, Nunz sought "an award of all actual, nominal, statutory, compensatory, consequential, incidental, enhanced, and punitive damages as well as restitution and disgorgement as allowed by law or equity." [*Id.* at 10]. Nunz does not specify a total amount of damages on these claims, but he alleges that they total at least $1,046.36. [*Id.* ¶¶ 44, 52].

There is no evidence that the amount in controversy on the remaining claims exceeds $75,000. First, Nunz does not specify a precise amount of damages sought, only that they total "at least" $1,046.36. [*Id.* ¶¶ 44, 52]. That number is well short of the $75,000 required. 28 U.S.C. § 1332(a). True, the Court could conclude that the amount in controversy requirement is met if the

---

challenge on appeal to the subject matter jurisdiction of the district court, this court may take notice of other bases for jurisdiction.").

[5] Plaintiff resides in Tennessee and NFCU has its principal place of business in Virginia. For diversity jurisdiction purposes, a federally chartered credit union is a citizen of its principal place of business. *See Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 353 (4th Cir. 2020) (holding that a federally chartered credit union is a citizen of its principal place of business and concluding that "Navy Federal is a citizen of its principal place of business, Virginia.").

Complaint contained "clear allegations that the case involved a sum well in excess of the $75,000 minimum." *Hayes*, 266 F.3d at 573. But it doesn't. It contains only a request for a little over a thousand dollars and vague requests for all damages allowed by law. These allegations are insufficient for Nunz to meet his burden of proving the amount in controversy. So even if the Court could exercise an unpleaded iteration of subject matter jurisdiction, there are no allegations sufficient to conclude that one exists.

## IV. CONCLUSION

For the reasons foregoing, NFCU's motion for summary judgment [Doc. 21] is **GRANTED IN PART** on the Truth in Lending Act claim. The Court declines to exercise supplemental jurisdiction over the remaining state-law claims, and they are **DISMISSED WITHOUT PREJUDICE.**

SO ORDERED:

s/Clifton L. Corker<br>
United States District Judge