UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JEREMY C. NUNZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CV-288-DCLC-JEM |
| | ) | |
| NAVY FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order [Doc. 48] referring this matter by United States District Judge Clifton L. Corker.

Now before Court is Defendant's Motion to Reconsider in Part Denial of Bill of Costs [Doc. 46]. Plaintiff responded in opposition to the motion [Doc. 47]. Defendant did not file a reply. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a).

For the reasons set forth below, the undersigned **RECOMMENDS** that the District Judge **DENY** the motion [**Doc. 46**].

## I.      BACKGROUND

On June 6, 2025, the Court entered summary judgment in Defendant's favor on Plaintiff's Truth in Lending Act claim and declined to exercise supplemental jurisdiction over his remaining state-law claims [Doc. 42]. The Court entered Judgment on the same day [Doc. 43]. On June 20, 2025, Defendant filed its Bill of Costs ("BOC") [Doc. 44]. It sought $619.95 for deposition transcripts and $750.00 in mediation costs [*Id*.].

On August 4, 2025, the Clerk entered the Findings of the Clerk ("Findings") [Doc. 45]. With respect to the costs for deposition transcripts, the Clerk explained:

"Costs of printed or electronically recorded transcripts are taxable if (1) the transcripts were necessarily obtained for use in the case and (2) the deposition was reasonably necessary at the time of its taking." E.D. Tenn. L.R. 54.1, *Guidelines* III(D)(1). The Sixth Circuit permits the taxation of costs for both the video deposition and corresponding paper transcripts. *BDT Prods., Inc. v. Lexmark Intern., Inc.,* 405 F.3d 415, 420 (6th Cir. 2005). However, the Court limits the amount recoverable as costs for deposition transcripts and has adopted the Judicial Conference transcript rates as the maximum taxable transcript fees notwithstanding what fee may have been charged to the party by the court reporter. *Id.* at *Guidelines* III(D)(2). The current rates are $4.40 per page for an original transcript and $1.10 per page for a copy. Costs of deposition transcripts that do not set forth the number of pages or rate per page will not be taxed. *Id.* at *Guidelines* III(D)(2)(i). The *Guidelines* further provide that "[e]xtra fees charged by reporters for mileage, per diem, expeditious handling, condensed transcripts, ASCII disks, postage, deposition exhibits, etc., shall not be taxed, unless advanced authorization was sought and received from the Court." E.D. Tenn. L.R. 54.1, *Guidelines* III(D)(4).

[*Id*. at 2–3 (footnote omitted)].

The Clerk reviewed Defendant's request for deposition transcript costs but noted that the invoice Defendant submitted did "not provide any information about the number of pages or rate per page" [*Id*. at 3]. The Clerk therefore declined to tax the $619.95 for transcript costs pursuant to the Guidelines on Preparing Bill of Costs ("Guidelines") [*Id*.].

Defendant requests that the Clerk reconsider her Findings [Doc. 46]. It states that "the complete transcript for which [it] sought reimbursement is on file in the record of the case just a few filings back as Exhibit 1 to its response to [P]lantiff['s] . . . motion to strike" [*Id*. at 1 (citation omitted)]. It asserts, "The complete transcript readily available . . . is 57 pages long[,]" and "[a]t the rate of $4.40 per page of a transcript identified by the [C]lerk, that comes to $250.80 of permissible costs" [*Id*.]. According to Defendant, "The transcript may be considered as part of the record" [*Id*. (citation omitted)]. "Because the [C]lerk can readily determine that [it] incurred

2

$250.80 of awardable costs," Defendant "requests that [the Clerk] follow the presumption in favor of awarding costs to the prevailing party and tax that amount to Plaintiff" [*Id*.].

Plaintiff responds in opposition to the motion [Doc. 47]. He states that "Defendant cites no authority that would allow this runaround of the Local Rules and Guidelines" [*Id*. at 1]. Because Defendant did not comply with the Local Rules or the Court's Guidelines, Plaintiff argues that the Court should deny the motion [*Id*. at 1–2].

## II.      ANALYSIS

Defendant requests that the Clerk reconsider her Findings [Doc. 46]. It does not provide any authority for that request.

To the extent Defendant seeks relief under Rule 54 of the Federal Rules of Civil Procedure, its request is untimely. *See* Fed. R. Civ. P. 54(d)(1). Rule 54 states that "[t]he clerk may tax costs on 14 days' notice" and that "[o]n motion served within the next 7 days, the court may review the clerk's action." *Id*. The Clerk entered her Findings on August 4, 2025 [Doc. 45], and Defendant filed its motion on August 14, 2025 [Doc. 46], more than 7 days later. Defendant also provides no explanation for its delay. *See Hillside Prods., Inc. v. Cnty. of Macomb*, 448 F. App'x 592, 593 (6th Cir. 2012) (finding that "the district court did not abuse its discretion in concluding that the original motion for review of costs was untimely" where the clerk entered an order taxing costs on August 18 and the plaintiffs moved for review on August 31); *Sukari v. Akebono Brake Corp.*, No. 18-10987, 2020 WL 13652480, at *2 (E.D. Mich. Mar. 16, 2020) ("Here, [p]laintiff filed her motion eight days after the clerk taxed costs and therefore her motion is untimely. Although the Court would under certain circumstances excuse such tardiness, [p]laintiff offers no explanation as to why the Court should entertain her untimely motion. This alone would be an adequate basis for denying [p]laintiff's motion." (citation omitted)); *Teets v. Woodall*, No. 3:01-CV-415,

2006 WL 3299877, at *2 (E.D. Tenn. Nov. 2, 2006) ("[The defendant] has offered no explanation for its failure to timely file its motion, and the court sees no reason to consider the untimely appeal.").

Even if the Court considered the merits of Defendant's request, it would not change the outcome. Rule 54.1 of the Local Rules of the United States District Court for the Eastern District of Tennessee states, "The bill of costs, and any objection, must be prepared and filed in accordance with the Court's Guidelines on Preparing Bills of Costs." E.D. Tenn. L.R. 54.1. In addition, it provides that "[t]he Clerk shall then assess the costs in accordance with the Court's Guidelines on Preparing Bill of Costs." *Id*. The Guidelines state, "Costs of deposition transcripts that do not set forth the number of pages or rate per page will not be taxed." *Guidelines*, III(D)(2)(i) (emphasis omitted).

The Clerk denied Defendant's request for deposition transcript costs because it did not include the number of pages or rate per page in its BOC [*See* Doc. 45 p. 3]. Defendant seeks reconsideration, but it provides no basis for the Clerk to do so. It relies on *Culver v. CCL Label Inc.*, No. 03-2722, 2012 WL 1900653, at *5 (W.D. Tenn. May 24, 2012), to support its argument. Yet, *Culver* does not address noncompliance with local rules and guidelines. Here, the Guidelines state, "Costs that are not permitted under law, do not comply with these Guidelines, or are not supported by adequate documentation will not be taxed, regardless of whether the opposing party files an objection to the bill of costs." *Guidelines*, I(A)(3) (emphasis omitted). Defendant's BOC did not comply with the Guidelines [*See* Doc. 44]. The Court declines to disturb the Clerk's Findings.

## III.   CONCLUSION

For the reasons explained above, the Court **RECOMMENDS**[1] that the District Judge

**DENY** Defendant's Motion to Reconsider in Part Denial of Bill of Costs [**Doc. 46**].

> Respectfully submitted,
>
> _Jill E. McCook_
> Jill E. McCook
> United States Magistrate Judge

---

[1]    Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).